UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS SCOTT, | ) | 1:12-cv—00850-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE FIRST |
| | ) | AMENDED PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS WITHOUT LEAVE TO |
| v. | ) | AMEND (DOC. 10) |
| | ) | |
| SUSAN HUBBARD, Warden, | ) | ORDER DECLINING TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY AND |
| Respondent. | ) | DIRECTING THE CLERK TO CLOSE THE |
| | ) | CASE |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in signed writings filed by Petitioner on May 9, 2012 (doc. 4), and May 30, 2012 (doc. 8). Pending before the Court is the first amended petition (FAP), which was filed on July 10, 2012, in response to the Court's order dismissing the original petition with leave to amend.

    I.    Screening the Petition

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

a preliminary review of each petition for writ of habeas corpus.
The Court must summarily dismiss a petition "[i]f it plainly
appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court...."
Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
1990).  Habeas Rule 2(c) requires that a petition 1) specify all
grounds of relief available to the Petitioner; 2) state the facts
supporting each ground; and 3) state the relief requested.
Notice pleading is not sufficient; rather, the petition must
state facts that point to a real possibility of constitutional
error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition
that are vague, conclusory, or palpably incredible are subject to
summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

    The Court may dismiss a petition for writ of habeas corpus
either on its own motion under Habeas Rule 4, pursuant to the
respondent's motion to dismiss, or after an answer to the
petition has been filed.  Advisory Committee Notes to Habeas Rule
8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
(9th Cir. 2001).  A petition for habeas corpus should not be
dismissed without leave to amend unless it appears that no
tenable claim for relief can be pleaded were such leave granted.
Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    Here, Petitioner alleges that he is an inmate of the
California State Prison at Corcoran (CSP-COR) serving an
unspecified sentence.  Petitioner complains of adverse actions of

2

the institutional classification committee that resulted in his

reclassification from an inmate who is to be housed in a single

cell to one who is to be housed in a double cell, all in

violation of Petitioner's protected liberty interest to security

and safety in prison.  Petitioner complains that the decision of

the classification committee was not supported by any evidence;

false information was used to change his classification; and

correctional officials conspired to retaliate against Petitioner

for the exercise of his right to seek a redress of grievances,

all in violation of Petitioner's rights under the First, Eighth,

and Fourteenth Amendments.  Petitioner alleges that the officials

participating in the decision making were not impartial and were

acting in violation of state law.  (FAP 8-12, 14-17, 19-20, 25-

28, 56-57, 89.)  The relief Petitioner seeks is to be returned to

his previous classification status, and injunctive relief against

any further retaliation.  (Id. at 59.)

　　II.  Conditions of Confinement

　　Because the petition was filed after April 24, 1996, the

effective date of the Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.

Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d

1484, 1499 (9th Cir. 1997).

　　A federal court may only grant a state prisoner's petition

for writ of habeas corpus if the petitioner can show that "he is

in custody in violation of the Constitution or laws or treaties

of the United States."  28 U.S.C. § 2254(a).  A habeas corpus

petition is the correct method for a prisoner to challenge the

legality or duration of his confinement.  Badea v. Cox, 931 F.2d

3

1  573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriquez</u>, 411 U.S.

2  475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976

3  Adoption.

4      In contrast, a civil rights action pursuant to 42 U.S.C.

5  § 1983 is the proper method for a prisoner to challenge the

6  conditions of that confinement.  <u>McCarthy v. Bronson</u>, 500 U.S.

7  136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at

8  574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

9      In this case, Petitioner alleges that prison authorities

10 were biased and conspired to falsify evidence that was used to

11 change his custodial classification, which in turn resulted in a

12 change in his housing status.

13     However, these allegations concern only the conditions of

14 Petitioner's confinement.  Petitioner's desire to attain a

15 particular classification status concerns his prison conditions

16 and not the legality or duration of his confinement.  Petitioner

17 does not appear to be challenging a specific conviction,

18 sentence, or disciplinary determination that resulted in a loss

19 of credit.  Thus, with respect to these claims, Petitioner is not

20 entitled to habeas corpus relief, and the petition must be

21 dismissed.

22     The defect in Petitioner's claim or claims lies not in a

23 lack of sufficient factual allegations, but rather in the nature

24 of the claim as being one concerning conditions of confinement.

25 Thus, granting Petitioner leave to file an amended petition would

26 be futile.  Further, the Court notes that Petitioner has

27 continued to allege a claim or claims concerning conditions of

28 confinement despite having already been given one opportunity to

4

1  file an amended petition.

2      Accordingly, the FAP will be dismissed without leave to

3  amend.

4      III.   Certificate of Appealability

5      Unless a circuit justice or judge issues a certificate of

6  appealability, an appeal may not be taken to the Court of Appeals

7  from the final order in a habeas proceeding in which the

8  detention complained of arises out of process issued by a state

9  court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

10 U.S. 322, 336 (2003).  A certificate of appealability may issue

11 only if the applicant makes a substantial showing of the denial

12 of a constitutional right.  § 2253(c)(2).  Under this standard, a

13 petitioner must show that reasonable jurists could debate whether

14 the petition should have been resolved in a different manner or

15 that the issues presented were adequate to deserve encouragement

16 to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

17 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

18 certificate should issue if the Petitioner shows that jurists of

19 reason would find it debatable whether the petition states a

20 valid claim of the denial of a constitutional right and that

21 jurists of reason would find it debatable whether the district

22 court was correct in any procedural ruling.  Slack v. McDaniel,

23 529 U.S. 473, 483-84 (2000).

24      In determining this issue, a court conducts an overview of

25 the claims in the habeas petition, generally assesses their

26 merits, and determines whether the resolution was debatable among

27 jurists of reason or wrong.  Id.  It is necessary for an

28 applicant to show more than an absence of frivolity or the

5

existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

IV.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close this case because this order of dismissal terminates the case in its entirety.


IT IS SO ORDERED.

**Dated:    October 25, 2012**              **/s/ Sheila K. Oberto**
                                UNITED STATES MAGISTRATE JUDGE

6